■         In the Matter of RONALD GORECKI et al., Appellants, v IRVING ANKER, as Chancellor of the New York City Board of Education, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioners to their positions as teachers, the appeal is from a judgment of the Supreme Court, Kings County, entered October 25, 1977, which dismissed the petition on the merits. Judgment reversed, on the law, with $50 costs and disbursements, petition granted, and

respondents are directed to reinstate petitioners with full back pay from the date of the termination of their employment, less the amount of compensation earned in any other employment or occupation and any unemployment benefits they may have received during such period. Petitioners' licenses, when issued, qualified them to teach both health and physical education, and they received tenure in both areas. The subsequent change in the qualifications for health teachers cannot affect their licenses, which allow them to teach and under which they were granted tenure (see *Matter of Baer v Nyquist,* 34 NY2d 291; *Steele v Board of Educ.,* 40 NY2d 456). Thus they must be included on any seniority lists for teachers in the area of health, as well as physical education. Any change in tenure areas can only be made on a prospective basis. Hopkins, J. P., Martuscello and Titone, JJ., concur; Rabin, J., dissents and votes to affirm the judgment on the opinion of Mr. Justice Hirsch at Special Term.