■ In the Matter of JEANNE KULICK, Respondent, v BOARD OF EDUCATION OF THE MIDDLE COUNTRY CENTRAL SCHOOL

DISTRICT No. 11, Appellant, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Middle Country Central School District No. 11 dated June 20, 1988, which, in effect, discharged the petitioner from her position as a tenured teacher, the Board of Education of the Middle Country School District No. 11 appeals from a judgment of the Supreme Court, Suffolk County (Leis, J.), dated December 18, 1989, which granted the petition, annulled the determination, and directed the petitioner's reinstatement.

Ordered that the judgment is affirmed, with costs to the petitioner.

The petitioner received tenure in 1976 in the recognized tenure area of physical education/health. In 1981 the Board of Education of the Middle Country School District No. 11 (hereinafter the Board) abolished the tenure area of physical education/health, and reassigned the teachers in this tenure area to either physical education or health, depending upon which classes they taught the most. The petitioner was reassigned to the area of physical education, and was excessed from that position as the least senior teacher in that area. The petitioner was then offered a position as a health teacher, which she accepted that year. She continued to teach health courses in the school district until she was discharged from her employment in 1988. The petitioner commenced this proceeding pursuant to CPLR article 78 seeking reinstatement, and the Supreme Court found in her favor.

The Board contends that it properly discharged the petitioner from her position as a health teacher, since she was the least senior teacher employed in that position. We agree with the Supreme Court, however, that the Board erred in failing to give the petitioner seniority credit for the years she previously taught in the area of physical education/health, for which she was tenured.

We cannot say that the parties intended the petitioner to be a probationary employee when she was reassigned in 1981 to a position as a health teacher, notwithstanding her alleged waiver of the tenure rights she had acquired as a physical education/health teacher, in the face of the Board having thereafter treated her as a tenured employee. Radical restructuring of tenure areas may only be done prospectively (see, Matter of Baer v Nyquist, 34 NY2d 291; Waiters v Board of Educ., 46 NY2d 885; Matter of Gorecki v Anker, 62 AD2d 1057). The Board was not free to restructure tenure areas so

as to deprive the petitioner of her earned tenure rights in the physical education/health tenure area. We find that she was therefore entitled to receive seniority credit for the years she taught in that area.

We have considered petitioner's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Miller, JJ., concur.